IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER RE: MOTION FOR A JURY QUESTIONNAIRE |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:17-cr-00208-CW |
| TERRY CHARLES DIEHL, | Judge Clark Waddoups |
| Defendant. | |

Before the court is Defendant Terry Diehl's ("Diehl") Motion for a Jury Questionnaire. (ECF No. 43.) For the reasons set forth below, the motion is DENIED.

On April 5, 2017, an indictment was issued against Diehl with 12 counts; counts one through five involve allegations of false declaration, and counts six through 10 involve allegations of concealment of assets. (ECF No. 1.)[1] A Final Pretrial Order was entered on August 14, 2017, setting a 10-day jury trial to commence on November 1, 2017. (ECF No. 28.) Pursuant to the Final Pretrial Order, all motions in limine "must be filed on a schedule that allows all briefing to be completed no later than fourteen (14) days before the final pre-trial conference." (*Id.*) The final pre-trial conference was set for Thursday, October 19, 2017. (*Id.*) Accordingly, on September 14, 2017, Diehl filed several motions in limine including the one addressed here.

The crux of Diehl's motion is that this case has received substantial press coverage from

---

[1] On October 4, 2017, and Superseding Indictment was issued adding two new counts: count 13) tax evasion and count 14) making and subscribing to a false tax return.

-1-

local newspapers. Accordingly, Diehl attached comments from anonymous sources who commented on various articles to this motion as exhibits. Essentially, Diehl is concerned that due to the timing of the U.S. Attorney's Office announcement of its non-prosecution agreement with the Utah Transit Authority ("UTA") Board he will be connected with suspicions of "public corruption" at UTA.

The court has carefully reviewed all of the exhibits attached to this motion, including the proposed jury questionnaire. The court denies the motion because the effects of pre-trial publicity on the jury pool from which jurors are drawn is determined by a careful and searching *voir dire* examination—that is the preferred practice in this circuit. *U.S. v. Pedraza*, 27 F.3d 1515, 1525 (10th Cir. 1994) *cert. denied*, 513 U.S. 941. Here, during *voir dire* the court will conduct a thorough inquiry into whether any prospective juror has been exposed to pre-trial publicity, and the extent of the exposure, in order to ensure the jurors selected to sit on the jury can be impartial. The questions proposed in the questionnaire duplicate questions the court regularly covers in its *voir dire* and Diehl fails to establish grounds as to why it would be necessary to have these answers in advance. Moreover, sending out the proposed juror questionnaires may actually "backfire." For example, potential jurors from rural communities who may not have heard of Diehl may be tempted to do a search on the internet and find the "negative press" Diehl has cited in his motion as the reason to use the questionnaire in the first place. Because the court will adequately inquire into potential jurors' exposure to pre-trial publicity, and the proposed questionnaire does not add anything new to the process or *voir dire* already used by the court, Diehl's motion is DENIED.

The court orders as follows:

1.      Diehl's Motion for Motion for a Jury Questionnaire is DENIED.

DATED this 10th day of October, 2017.

>BY THE COURT:
>
>_____
>Clark Waddoups
>United States District Judge