IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY CHARLES DIEHL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER RE: MOTION FOR A NON-JURY TRIAL<br><br>Case No. 2:17-cr-00208-CW<br><br>Judge Clark Waddoups |

Before the court is Defendant Terry Diehl's ("Diehl") Motion for a Non-Jury Trial. (ECF No. 42.) The court held oral argument on this and the other pending motion in limine on Thursday, October 12, 2017. After reviewing the parties' briefs, and considering arguments proffered at the hearing, the court DENIED the motion.

Diehl has been arraigned on 14 counts of the Superseding Indictment (ECF No. 48.)[1] The case has been scheduled for a 10-day jury trial to begin on November 1, 2017. (ECF No. 28.) Pursuant to Rule 23 of the Federal Criminal Code and Rules: "If the defendant is entitled to a jury trial, the trial must be by jury unless:

(1) the defendant waives a jury trial in writing;

(2) the government consents; and

---

[1] On October 4, 2017, a Superseding Indictment adding two additional counts was filed with the court, making a total of 14 counts. (ECF No. 48.) At today's hearing, the court granted the Government's motion to correct some non-substantive issues with paragraphs 28 and 29 of the Superseding Indictment. The court nevertheless instructed the Government to proceed and file an Amended Superseding Indictment reflecting those changes. Diehl represented at the hearing that he plans to file a written waiver to the Amended Superseding Indictment so that the trial scheduled on November 1, 2017 can proceed as scheduled.

(3) the court approves.

F.R.CrimP.23(a). On September 14, 2017, Diehl filed a Motion for Non-Jury Trial, including a Waiver of Jury Trial. (ECF No. 42-4.) Diehl raised four grounds for requesting a bench trial, in his motion and at the hearing. First, he claims that like the *Panteleakis* case, the multi-count indictment in this case, involving the bankruptcy and tax codes, is too complicated for the average juror. (ECF No. 42 at 8.) Next, he argues it will be too difficult to instruct the jury on the technical nuances of the case. (*Id.*) Third, he avers a jury trial will be longer than a bench trial. (*Id.*) Finally, he claims due to pre-trial publicity it will be difficult to sit an impartial jury. (*Id.* at 9) The court is not persuaded by any of these arguments, and will address each of them below.

*U.S. v. Panteleakis* is distinguishable from this case. 422 F.Supp. 247 (D.R.I. 1976). That case involved an indictment with 21 counts, multiple defendants, over 1,000 exhibits and a three-month trial. *Id.* at 249-250. This case only involves an indictment with 14 counts, one defendant, a couple hundred exhibits and a 10-day trial. The court in *Panteleakis* concluded it "is unrealistic to expect a jury to hear all the evidence over a three month period, weigh approximately 1,000 exhibits and then categorize everything as it pertains to each particular defendant to the exclusion of others against whom it is inadmissible without prejudice to all." *Id.* at 250. Those concerns are not present here.

Likewise, "complexity of the issues" is not sufficient ground to waive a jury trial. Unlike the circumstances in *Panteleakis*, technological advances have improved drastically in the last forty-one years, helping counsel, parties and courts streamline trial presentation. The court foresees that counsel and the parties will have to work hard to make the process clear and reasonable for the selected jurors. For this reason, pursuant to the Final Pre-trial Order in this

case, the parties are required to submit proposed *voir dire* questions, preliminary jury instructions, final jury instructions and proposed verdict forms in either Word Perfect or MS Word to chambers' email address two weeks before the start of the trial. (ECF No. 28.) The court will review and re-write these materials, if needed, to ensure they are not too complicated for the average juror to understand.[2] Also, this is not the first time this court is conducting a jury trial involving tax issues. *See U.S v. Louis Delynn Hansen,* 2:16-cr-00534-CW (ECF Nos. 118-126.); *U.S. v. Douglas R. Madsen*, 2:09-cr-808-CW (ECF Nos. 154-162.); *U.S. v. De Young et. al* 2:08-cr-525-CW (ECF Nos. 380-393). Thus, the court does not foresee issues with being able to conduct adequate *voir dire* or being able to adequately instruct the jury regarding the allegations in the indictment. And if issues arise, the court will address them.

The court is also not persuaded that holding a bench trial instead of a jury trial will drastically reduce the length of the trial. Only two days have been set aside to conduct *voir dire* and select the jury, and these two days are not part of the scheduled 10-days of the actual trial.

Regarding concerns of pre-trial publicity, the court recognizes there has been some pre-trial publicity in this matter. It plans to conduct a thorough *voir dire* process to ensure an impartial jury is selected as well as to admonish the jury panel about the importance of disclosing implicit bias.

Finally, and foremost, the United States Supreme Court has clearly held that "there is no federally recognized right to a criminal trial before a judge sitting alone, but a defendant can, . . . in some instances waive his right to a trial by jury." *Singer v. U.*S., 380 U.S. 24, 34, 85 S.Ct.

---

[2] In support of his motion, Diehl cites another almost forty-year old case *U.S. v Braunstein*, 474 F.Supp. 1 (D.N.J. 1978). In that case however, after the bench trial was set, the government sought a *writ of mandamus* and the Court of Appeals issued a stay of the bench trial, and the district court thereafter reset the trial date. *Id*.

783, 790 (1965). The Court in *Singer* further explained that "[t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right." *Id*. Accordingly, the *Singer* Court found "no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him." *Id*.

Here, the U.S. Attorneys' Office did not consent to a bench trial, as required by Rule 23 for the court to consider approval of this motion. Contrary to Diehl's averments, "Rule 23(a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." *Singer*, 380 U.S. at 37. Accordingly, because the requirements of Rule 23 are not met here, given the precedent set by *Singer*, and the other reasons set forth above, the court DENIES Diehl's request for a bench trial.

The court orders as follows:

1.    The Motion for Non-Jury Trial is DENIED.

DATED this 12th day of October, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge
