IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY CHARLES DIEHL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER RE: MOTION IN LIMINE TO EXCLUDE BAD ACTS AND CHARACTER EVIDENCE<br><br>Case No. 2:17-cr-00208-CW<br><br>Judge Clark Waddoups |

Before the court is Defendant Terry Diehl's ("Diehl") Motion in Limine to Exclude Bad Acts and Character Evidence ("the motion"). (ECF No. 41.) The court heard oral argument on October 12, 2017. For the reasons set forth below, the motion is GRANTED, in part.

Diehl filed an Addendum, separate from the motion, containing a list of 17 items he argued should be excluded as "other acts" evidence. The Government conceded it only intends to proffer evidence for three items on Diehl's Addendum: three, six and nine. The court therefore grants Diehl's motion for items 1-2, 4-5, 7-8, and 10-17. As to the arguments raised by the Government on October 12, 2017, the court rules as follows:

**Item Three**

Rule 404 of the Federal Rules of Criminal Procedure provides that evidence of a crime, wrong or "other act" is not admissible to prove a person's character, but may be offered to prove: "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Crim.P. 404(b)(2). Here, neither the Government's brief nor argument
-1-

during the hearing addressed how any of the exceptions listed under Rule 404(b) were met for item three in Diehl's Addendum. Accordingly, the motion was GRANTED as to item three.

**Items Six and Nine**

With respect to items six and nine, the Government argued Diehl used certain corporate entities as shams to avoid full disclosure during his Chapter 11 Bankruptcy proceedings and thus this is relevant to show intent, motive and knowledge. Based on these representations, the court ruled it would allow evidence regarding these items to come in, if the Government can show the expenses were for Diehl's personal benefit as opposed to SVA's.

The Tenth Circuit has a four-part test to determine whether "other act" evidence should be admitted: 1) the evidence must be offered for a proper purpose under Rule 404(b); 2) the evidence must be relevant under Rule 401; 3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and 4) upon request the court, the court must have instructed the jury, pursuant to Rule 105 to consider the evidence only for the purpose for which it was admitted. *U.S. v. Henthorn*, 864 F.3d 1241, 1247-48 (10th Cir. 2017) (internal citations omitted). Any evidence proffered by the Government at trial to address items six and nine in Diehl's Addendum must meet the *Henthorn* test, otherwise it will not be admitted into evidence. The claims at issue are those in the Second Superseding Indictment filed on October 18, 2017, not those argued at the hearing.

The court orders as follows:

1. Diehl's Motion in Limine to Exclude Bad Acts and Character Evidence is GRANTED as to items 1-5, 7-8, and 10-17, and DENIED as to items six and nine in Diehl's Addendum.

DATED this 19th day of October, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge